The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Ford. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order. However, upon much detailed reconsideration of the evidence, the undersigned reach different facts and conclusions than those reached by the Deputy Commissioner. We reverse the Decision and Order of the Deputy Commissioner.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. On 13 April 1996, plaintiff was an inmate at the Warren Correctional Institution. Plaintiff has filed a tort claim alleging that Lt. Bobby Summers used excessive force in authorizing the use of pepper spray on plaintiff.
2. On 13 April 1996, plaintiff was placed by himself in a segregated cell after a verbal altercation with a prison guard. Plaintiff had been in possession of some medication that was confiscated as he was put into segregation. Plaintiff immediately asked to see a nurse regarding his medication and his medical condition.
3. When the officer who placed plaintiff in segregation did not respond to plaintiffs concerns and no medical personnel came to see plaintiff, plaintiff kicked the steel door to the cell and shouted. Lt. Summers responded to plaintiff and told plaintiff that he would procure a nurse to examine plaintiff. Plaintiff apparently was experiencing some genital bleeding and was very concerned. Plaintiff articulated to Lt. Summers that plaintiff considered the situation an "emergency.
4. After approximately an hour, when no nurse responded to plaintiff, plaintiff again began kicking the cell door and shouting. Lt. Summers responded and instructed plaintiff to stop. When plaintiff continued his behavior, Lt. Summers ordered a subordinate officer present to spray plaintiff with pepper spray. Plaintiff was subsequently sprayed and subdued.
5. Although Lt. Summers testified that is was "standard operating procedure for officers to apply pepper spray in a situation such as the one at hand, no objective evidence was produced showing any such standard procedure.
6. When plaintiff was in segregation and agitated because of perceived and/or actual inattention to his medical condition, plaintiff posed no threat to himself or others. Lt. Summers authorization of the use of pepper spray on plaintiff was excessive and not reasonable.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Lt. Summers was negligent in authorizing the application of pepper spray, an excessive use of force, upon plaintiff on 13 April 1996. Jacksonv. N.C. Dept. of Crime Ctrl. Pub. Safety, 97 N.C. App. 425,388 S.E.2d 770 (1990).
2. Although there is insufficient evidence with which to causally relate plaintiffs alleged subsequent eye problems to this incident, the negligence of Lt. Summers was the proximate cause of pain and discomfort suffered by plaintiff following the excessive use of force.
3. Plaintiff is entitled to an award of damages as a result of the pain and discomfort caused by the negligence of Lt. Summers.
4. Plaintiff was not contributorily negligent.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. The defendant, the North Carolina Department of Correction, shall pay to plaintiff, Henry Johnson, the sum of $400.00.
2. The defendant shall pay the costs due this Commission.
This is the ___ day of May, 2001.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER